Case3:10-cv-03258-EMC Document1 Filed07/26/10 Page1 of 17

PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
PETER MENDOZA

ORIGINAL
FILED
JUL 26 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C10-03258 EMC ADR

PETER MENDOZA,

Plaintiff,

v.

AMZONE LLC; AUGO MARTINEZ; HOYTT ENTERPRISES, INC.; and DOES 1-10, Inclusive,

Defendants.
_______________________________/

CASE NO.
Civil Rights

COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.)*; INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990

DEMAND FOR JURY TRIAL

Plaintiff PETER MENDOZA complains of defendants AMZONE LLC; AUGO MARTINEZ; HOYTT ENTERPRISES, INC.; and DOES 1-10, Inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible public facilities, including parking facilities, exterior paths of travel and access to the entrances, interior paths of travel, public restrooms, and related facilities, to plaintiff and other disabled persons at the Taco Bell Restaurant, located at 930 Seventh St., Novato, California. Plaintiff Peter Mendoza is a "person with a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -1- S:\CASES\T\TACO BELL (Mendoza)\PLEADINGS\TACO BELL.CMP.wpd

disability" or "physically handicapped person" due to cerebral palsy, cancer, and lower limb amputation. Plaintiff requires the use of a motorized wheelchair for mobility and is unable to use portions of public facilities which are not accessible to disabled persons, including those who require the use of a wheelchair. Plaintiff was denied his rights to full and equal access at these facilities, was physically trapped in the men's restroom for more than half an hour, until finally rescued, and was denied his civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use this Novato Taco Bell Restaurant (hereinafter sometimes "Taco Bell" or "Restaurant"), will be provided accessible facilities. Plaintiff also seeks recovery of damages for his physical, mental and emotional injuries, and his discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC §§ 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code §§ 19953-19959; California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations.

3. **VENUE:** Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

4. **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5. **PARTIES:** Plaintiff Peter Mendoza is a qualified physically disabled person who is mobility impaired and requires use of a motorized wheelchair for locomotion. He also possesses a disabled parking placard issued by the State of California and is frequently transported in a disabled licensed van which requires parking in a properly configured van-accessible parking space. Defendants AMZONE LLC; AUGO MARTINEZ; HOYTT ENTERPRISES, INC.; and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of the business, property, buildings, parking lots, and/or portions thereof located at 930 Seventh St., Novato, California, a Taco Bell restaurant franchised by the Taco Bell Corporation. This Restaurant, its restrooms and parking facilities are each a "public accommodation and business establishment" subject to the requirements of § 301(7) of the Americans with Disabilities Act of 1990, of California Health & Safety Code §§ 19953 *et seq.*, of California Civil Code §§ 51 *et seq.* and of §§ 54 *et seq*. On information and belief, this Restaurant and its facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§ 19955-19959 *et seq.*, and, as to alterations since January 26, 1993, to the disabled access requirements of § 303 of the Americans with Disabilities Act of 1990 (hereinafter sometimes "ADA"). Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA, as defined by ADA § 301(9).

6. The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7. Defendants AMZONE LLC; AUGO MARTINEZ; HOYTT ENTERPRISES, INC.; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject business, property and/or building at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**

8. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein by reference as if separately repled hereafter.

9. Plaintiff Peter Mendoza and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955 *et seq.*

10. Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the subject Restaurant. The code relating to such public accommodations also requires that "When sanitary facilities are made available for the public, clients, or employees... they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to such buildings and facilities during the period Title 24 has been in effect. Further, plaintiff alleges that alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of the Restaurant, also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450 *et seq.*

11. **FACTUAL STATEMENT:** At all times mentioned herein, plaintiff Peter Mendoza has been a qualified disabled person due to multiple disabilities, including cerebral palsy, cancer, and a lower limb amputation. His disabilities require him to use a motorized wheelchair for mobility. On or about January 29, 2010, while on his way to a funeral, plaintiff Peter Mendoza visited the Taco Bell restaurant located at 930 Seventh St., Novato, California, to have lunch. After purchasing lunch, plaintiff entered the men's restroom to use its facilities. In order to enter the restroom, plaintiff had to request assistance from one of defendants' employees to open the men's restroom door, as the door was

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

too heavy for plaintiff to open. Once inside the restroom plaintiff had difficulties using the toilet stall because it was improperly configured and did not provide sufficient turn-around space. Plaintiff also had difficulty using the sink because a garbage can blocked disabled use of the sink.

12. When plaintiff attempted to exit the restroom he was unable to open the door, because the door was more than three times as heavy as the maximum legally allowed. It also had inaccessible round doorknob instead of lever hardware required for disabled access, and lacked proper strike edge clearance to allow disabled persons to independently exit. Trapped in the restroom, plaintiff used his cell phone to call the phone number for this Novato Taco Bell restaurant, but no one answered. In desperation, plaintiff called to another Taco Bell, and the manager there called the Novato Police. After plaintiff had been trapped in the restroom for about one-half hour, he was finally released when another customer entered the restroom. On information and belief, after the Novato Police were contacted for help, the police also called the Restaurant and also received no answer to their call. Eventually the police were able to talk to the manager of the subject Restaurant, who related that plaintiff had finally been released from the restroom and required no further assistance. Plaintiff was frightened and humiliated by the experience, and suffered physical, mental and emotional inquiries, all to his general, statutory and treble damages.

13. On information and belief, this Taco Bell restaurant was also inaccessible to disabled persons in multiple additional ways, including but not limited to improperly high counters, and improperly designated, numbered and configured disabled accessible and van-accessible parking. (Although plaintiff does not personally drive, he possesses a disabled parking placard for use when he is driven by other people, usually in a van.) On information and belief, at the time of each of the above-described incidents, and continuing to the present, the access barriers at this Taco Bell restaurant also included but were not limited to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

the following: a pedestrian walkway across an automobile drive through lane, which created a hazardous crossing situation for wheelchair users; excessively heavy entry doors to the Restaurant; the landing for the exterior doors was excessively sloped; the men's restroom toilet stall door was not self-closing, had no latch, and did not have loop hardware for disabled use; and the toilet paper dispenser was improperly located.

14. The above-described barriers to access are listed without prejudice to plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under Doran v. 7-Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008). All of these barriers to access render the premises inaccessible to and unuseable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

16. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

17. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

excluding plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair users, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and cannot return to use this Restaurant and its facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to do so, once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all areas of the premises that he personally encountered. Further, as to all areas identified before or during this litigation by plaintiff's access consultant, that plaintiff or other physically disabled persons may encounter in the future (under the 9th Circuit's holding in Doran v. 7-Eleven, Inc. 524 F.3d 1034 (9th Cir. 2008)), plaintiff prays leave to amend this complaint to obtain injunctive relief. As to those of the defendants that currently own, operate, and/or lease (from or to) the subject Restaurant, plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

18. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

§ 19953 and California Civil Code § 55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code § 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code § 19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

19. **DAMAGES:** As a result of the denial of full and equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, and suffered physical, mental and emotional personal injuries, all to his damages per Civil Code § 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

20. **TREBLE DAMAGES** - Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1, and 54.3. At all times herein mentioned, defendants were fully aware that significant numbers of potential users of their public facilities are and will be physically disabled persons. Further defendants knew and know that a significant portion of the Restaurant's patrons would be and were physically disabled persons, including wheelchair users and other mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, defendants installed and maintained the physical barriers complained of, and failed to remove these barriers, and have failed to provide properly accessible facilities, according to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

proof. Further, the managerial employees responsible for policy decisions at this Restaurant failed to properly supervise employees or maintain telephone intake so that they could respond to any emergencies, including but not limited to calls for help from disabled persons, or calls from the police. In addition, one or more of defendants employees observed plaintiff entering the restroom, and one employee opened the heavy restroom door for plaintiff, but apparently no one paid attention to plaintiff failing to exit the restroom or considered that plaintiff was still trapped inside. Defendants have continued their illegal and discriminatory policies and practices despite actual knowledge that people with physical mobility disabilities attempt to patronize the subject Restaurant and encounter illegal barriers when they do so.

21. At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon plaintiff and upon other physically disabled persons, but defendants have refused to rectify the violations, and presently continue a course of conduct of maintaining architectural barriers that discriminate against plaintiff and similarly situated disabled persons.

22. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§ 54.3 and 55, and California Health & Safety Code § 19953. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)**

23. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 22 of this Complaint and incorporates them herein.

24. At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
> Cal. Civ. C. § 51(b).

25. California Civil Code § 52 provides that the discrimination by defendants against plaintiff on the basis of his disability constitutes a violation of the anti-discrimination provisions of §§ 51 and 52.

26. Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

27. Any violation of the Americans With Disabilities Act of 1990

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

(as pled in the Third Cause of Action) constitutes a violation of California Civil Code § 51(f) thus independently justifying an award of damages and injunctive relief pursuant to California law. Per § 51(f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

28. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate result of defendants' action and omissions, defendants have discriminated against plaintiff in violation of Civil Code §§ 51 and 52.

29. **FEES AND COSTS:** As a result of defendants' acts, omissions and conduct, plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51 and 52. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

## THIRD CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 USC §§ 12101 *et seq.*

30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 29 of this Complaint, and incorporates them herein as if separately repled.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

31. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." [42 USC §12101]

32. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as the purpose of the ADA:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

42 USC § 12101(b).

33. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "restaurant, bar, or other sales or rental establishment serving food or drink," § 301(7)(B).

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

34. The ADA clearly states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182. The specific prohibitions against discrimination included, but were not limited to the following:

§ 302(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

violation of plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

35. The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of §§ 301(9) and 302 of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, construction, alterations, structural repairs or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA.

36. On information and belief, as of the date of plaintiff's encounter at the premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate plaintiff's rights to full and equal access and which discriminate against plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182 and 12183.

37. On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and other disabled persons to access this public accommodation since on or before plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.*, plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is "a qualified" disabled person who is being subjected to discrimination on the basis of disability in violation of the ADA and has reasonable grounds for believing that he is about to be subjected to discrimination should he return to the subject premises. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

WHEREFORE, plaintiff prays for relief as hereinafter stated.

**PRAYER**

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property and premises and related facilities to provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA § 308(a) and state law directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law; and to train defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs.

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Case3:10-cv-03258-EMC Document1 Filed07/26/10 Page17 of 17

Dated: July 22, 2010

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
PETER MENDOZA

**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 22, 2010

LAW OFFICES OF PAUL L. REIN

By PAUL L. REIN
Attorneys for Plaintiff
PETER MENDOZA

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -17- S:\CASES\T\TACO BELL (Mendoza)\PLEADINGS\TACO BELL.CMP.wpd