1  PAUL L. REIN, State Bar No. 43053
   CELIA MCGUINNESS, State Bar No. 159420
2  CATHERINE M. CABALO, State Bar No. 248198
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  (510) 832-5001
   Facsimile:  (510) 832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiff
   PETER MENDOZA
7

8  DAVID E. HUNTER, III State Bar No. 208942
   VALERIAN PATTERSON & STRATMAN LLP
9  1650 Harbor Way Parkway, Suite 100
   Alameda, CA  94502
10 Telephone:  (510) 521-0612
   Facsimile:  (510) 337-0125
11 david.2.hunter@farmersinsurance.com

12

   Attorneys for Defendants
13 AMZONE LLC, HUGO MARTINEZ,
   (erroneously sued as AUGO MARTINEZ),
14 and HOYTT ENTERPRISES, INC.

15

16                UNITED STATES DISTRICT COURT

17            FOR THE NORTHERN DISTRICT OF CALIFORNIA

18

   PETER MENDOZA,
19                                          Case No. C10-03258-EMC
                Plaintiff,
20                                          Civil Rights
         v.
21                                          **CONSENT DECREE AND
   AMZONE, LLC; HUGO MARTINEZ               [PROPOSED] ORDER AS TO
22 (erroneously sued as AUGO                INJUNCTIVE RELIEF ONLY**
   MARTINEZ); HOYTT
23 ENTERPRISES, INC.; and DOES 1-10,        ORDER RESETTING STATUS CONFERENCE
   Inclusive,                               FROM 9/9/11 to 10/28/11
24
25              Defendants.

26

27

28

   CONSENT DECREE & ORDER AS
   TO INJUNCTIVE RELIEF ONLY
   Case No. C10-03258-EMC

1.     Plaintiff PETER MENDOZA filed a Complaint in this action on July 26, 2010, to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants AMZONE, LLC; HUGO MARTINEZ (erroneously sued as AUGO MARTINEZ); HOYTT ENTERPRISES, INC. (together sometimes "Defendants"), relating to the condition of Defendants' public accommodations as of January 29, 2010, and continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 930 Seventh St., Novato, California.

2.     Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief aspects of this lawsuit without the need for protracted litigation.  Issues of damages and attorneys' fees, costs, and expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

3.     The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations

- 2 -

of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.*

and pursuant to supplemental jurisdiction for alleged violations of California

Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of

Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

    4.    In order to avoid the costs, expense, and uncertainty of protracted

litigation, the Parties to this Consent Decree and Order agree to entry of this

Consent Decree and Order to resolve all claims regarding injunctive relief raised in

the Complaint filed with this Court.  Accordingly, the Parties agree to the entry of

this Order without trial or further adjudication of any issues of fact or law

concerning Plaintiff's claims for injunctive relief.

    WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate

to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

    5.    This Order shall be a full, complete, and final disposition and

settlement of Plaintiff's claims against Defendants for injunctive relief that have

arisen out of the subject Complaint.

    6.    The Parties agree and stipulate that the corrective work will be

performed in compliance with the standards and specifications for disabled access

as set forth in the California Code of Regulations, Title 24-2, and Americans with

- 3 -

Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

　　　　　a)　　**Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment A**, attached and incorporated herewith. Defendants agree to undertake all of the respective remedial work as set forth therein.

　　　　　b)　　**Timing of Injunctive Relief:**　Defendants will submit plans for all corrective work to the appropriate governmental agencies within 30 days of the entry of this Consent Decree by the Court.  Defendants will commence work within 30 days of receiving approval from the appropriate agencies.  Defendants will complete all work within 90 days of commencement of work.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay.  Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

　　　　　c)　　Defendants will notify Plaintiff in writing at the end of 120 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided.   If Defendants fail to provide injunctive relief on the agreed upon

- 4 -

timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for all compliance work necessitated by Defendants' failure to keep this agreement.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.     The Parties have not reached any agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.  These matters will be the subject of future negotiation or litigation as necessary.  <u>The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved.</u>

**ENTIRE CONSENT DECREE AND ORDER:**

8.     This Consent Decree and Order and **Attachment A** constitute the entire agreement between the signing Parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.  This Consent Decree and Order applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for damages,

- 5 -

attorneys' fees, litigation expenses, and costs, which shall be the subject of further

negotiation and/or litigation.  The Parties stipulate that all Parties request that the

Court not dismiss the case in its entirety as issues of statutory damages, attorneys'

fees, litigation expenses, and costs are still before the Court.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.     This Consent Decree and Order shall be binding on Plaintiff,

Defendants, and any successors-in-interest.  Defendants have a duty to so notify all

such successors-in-interest of the existence and terms of this Consent Decree and

Order during the period of the Court's jurisdiction of this Consent Decree and

Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10.     Each of the Parties to this Consent Decree and Order understands and

agrees that there is a risk and possibility that, subsequent to the execution of this

Consent Decree and Order, any or all of them will incur, suffer, or experience

some further loss or damage with respect to the lawsuit that is unknown or

unanticipated at the time this Consent Decree and Order is signed.  Except for all

obligations required in this Consent Decree and Order, the Parties intend that this

Consent Decree and Order apply to all such further loss with respect to the lawsuit,

- 6 -

except those caused by the Parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorney fees', litigation expenses, and costs.

11.     Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for damages, statutory attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers,

- 7 -

stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.     This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

- 8 -

**SIGNATORIES BIND PARTIES:**

14.  Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

- 9 -

Mendoza v. Amzone, LLC, et al.

Case No. C10-03258-EMC

United States District Court, Northern District of California

**ATTACHMENT A TO CONSENT DECREE AND ORDER**

Plaintiff Peter Mendoza ("Plaintiff") and defendants Amzone, LLC; Hugo Martinez, and Hoytt Enterprises, Inc. (together the "Defendants") stipulate that Defendants will perform the following corrective work in compliance with the standards and specifications for disabled access as set forth in the 2007 California Code of Regulations, Title 24-2 and 1992 Americans With Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to herein.

I.        <u>Accessible Route of Travel</u>: Install detectable warnings at both curb ramps, which lead into the walkway that crosses the "drive-thru" lane.  The material should cover the full width of each ramp and extend a minimum of 36" up from the base of the ramps.

II.       <u>Parking</u>:

    A.    Install the required parking space signage that reserves the space for persons with disabilities on a post or a wall with the bottom edge 80" above the ground.

    B.    Fill in required enforcement information regarding specific information about reclaiming towed vehicles.

    C.    Post signage that warns of minimum $250 fine for unauthorized parking in the accessible parking space.

III.      <u>North and East Entrance</u>:

1 of 4

A.     Rebuild the area between the door and the curb to ensure maximum 2% slope.  Walkways that lead up to the new landing from each side may slope a maximum of 5%.

B.     Adjust and maintain the door closers or replace and maintain them so that the force needed to open the doors is no more than 5 lbs.

C.     Adjust and maintain the door closers or replace and maintain them so that door closing speed is no more than 3 seconds from an open position of 70 degrees to a point 3 inches from the latch.

IV.     <u>Men's Restroom</u>:

A.     Replace the round knob with lever hardware or remove the latching hardware all together.

B.     Adjust and maintain the door closers or replace and maintain them so that the force needed to open the doors is no more than 5 lbs.

C.     Adjust and maintain the door closers or replace and maintain them so that door closing speed is no more than 3 seconds from an open position of 70 degrees to a point 3 inches from the latch.

D.     Either remove the latch or the closer to eliminate the requirement for 12" of strike edge clearance on the push-side of the door.

E.     Install loop handles on both sides of the stall door.

F.     Repair or replace the closing mechanism on the stall door so that it is self-closing.

G.     Install accessible latching hardware for stall door.

2 of 4

H.     Move toilet laterally a distance of 1-1/2" so that the fixture is centered 18" from the adjacent wall.

I.     Reposition the toilet paper dispenser so that it is a maximum of 36" from the rear wall to the leading edge of the paper outlet and a minimum of 19" above the floor to the paper outlet.

J.     Where towel, sanitary napkins, waste receptacles, and other similar dispensing and disposal fixtures are provided, at least one of each type shall be located with all operable parts, including coin slots, within 40" above the finished floor.

V.        Women's Restroom:

a.     Replace the round knob with lever hardware or remove the latching hardware all together.

b.     Either remove the latch or the closer to eliminate the requirement for 12" of strike edge clearance on the push-side of the door.

c.     Change the counter sink to a wall-hung fixture and modify the door to the toilet compartment as shown in Attachment 1 (Page 2) "Women's Restroom Recommendations" of Jonathan Adler's 11/15/2010 report, a copy of which is included with this Attachment A to the Consent Decree and Order.

d.     Reverse the swing of the stall door and move the opening approximately 9" laterally to ensure proper diagonal orientation of the toilet and a maximum stile width of 4". See also Attachment 1 (Page 2) "Women's Restroom Recommendations" of Jonathan Adler's 11/15/2010 report.

e.    Relocate sanitary seat cover dispenser to a sidewall of the toilet compartment or to the inside face of the door into the stall.

f.    Reposition the toilet paper dispenser so that toilet paper is reachable at a height of no lower than 19" above the finished floor and the dispenser is a maximum of 36" from the back wall to the leading edge of the toilet paper dispenser.

g.    Install loop handle on the interior side of the stall door.

h.    Lower the hand dryer at least 3-1/2" so that the operable part of the dryer is no more than 40" above the finished floor.

i.    Lower the coat hook to 48" above the finished floor.

4 of 4

Dated: 7/20 , 2011          PLAINTIFF PETER MENDOZA


PETER MENDOZA

Dated: _____, 2011          DEFENDANT AMZONE LLC

By: _____

Print name: SALMAN AZHAR

Title: LLC Manager

Dated: 7/20 , 2011          DEFENDANT HOYTT ENTERPRISES, INC.

By: _____

Print name: Gregory G. McCollum

Title: Controller

Dated: _____, 2011          DEFENDANT HUGO MARTINEZ


Hugo Martinez

HUGO MARTINEZ

APPROVED AS TO FORM:

DATED: 7/20 , 2011          **LAW OFFICES OF PAUL L. REIN**

By: _____
          Catherine M. Cabalo

Attorneys for Plaintiff
PETER MENDOZA

- 10 -

CONSENT DECREE
Case No. C10-03258-EMC

1

2
DATED: July 20, 2011

**VALERIAN PATTERSON & STRATMAN
LLP**

3

4
By:

5
David E. Hunter, III

6
Attorneys for Defendants
AMZONE LLC, HUGO MARTINEZ,

7
(erroneously sued as AUGO MARTINEZ),
and HOYTT ENTERPRISES, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

1

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

2

The Status Conference set for 9/9/11 at 10:30 a.m. is reset for 10/28/11 at 10:30 a.m.  An updated
joint Status Report shall be filed by 10/21/11.  The 10/28/11 Status will be vacated once a

3

stipulation for dismissal is filed.

4

Dated: _____8/3_____, 2011

5



Honorable EDWARD M. CHEN
United States District Judge

IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

CONSENT DECREE
Case No. C10-03258-EMC

## FILER'S ATTESTATION

Pursuant to General Order 45, section X(B), I hereby attest that on _July 20_ , 2011, I, Catherine M. Cabalo, received the concurrence of David E. Hunter, III in the filing of this document.

_Catherine M. Cabalo_

Catherine M. Cabalo

- 13 -

CONSENT DECREE
Case No. C10-03258-EMC